IN THE SUPREME COURT OF THE STATE OF DELAWARE

WAYMOND E. WRIGHT, §
§ No. 146, 2018
Defendant Below, §
Appellant, § Court Below: Superior Court of
§ the State of Delaware
v. §
§ Cr. ID No. 1208019720 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: July 27, 2018
Decided: October 19, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, and **TRAYNOR**, Justices.

## O R D E R

(1)    The appellant, Waymond E. Wright, has appealed the Superior Court's denial of his first, timely-filed motion for postconviction relief under Superior Court Criminal Rule 61.[1]  After careful consideration of the parties' briefs on appeal and the Superior Court record, we have concluded that the Superior Court's judgment should be affirmed.

(2)    Wright and two co-defendants, Natasha Mahaley and Steven Huff, were tried jointly on charges that they conspired to commit two robberies.  Midway

---

[1] 2018 WL 1215884 (Del. Super. Mar. 6, 2018).

through the joint trial, after one set of robbery charges was dropped, Mahaley and Huff resolved the second set of robbery charges by guilty pleas.

(3)     The jury convicted Wright of robbery second degree and conspiracy second degree.  After the verdict, Wright's trial counsel moved for a judgment of acquittal or, in the alternative, for a new trial.  The Superior Court denied the motion after finding sufficient evidence to support Wright's convictions[2] and that a new trial was not required in the interest of justice.[3]  We affirmed the Superior Court's decision on direct appeal.[4]

(4)     Wright's motion for postconviction relief and his later amendments to the motion alleged that his trial and appellate counsel were ineffective.  Wright's counsel filed detailed affidavits responding to the allegations, the State filed responses to the postconviction motion as amended, and Wright filed replies at every opportunity.  The Superior Court denied postconviction relief after determining, in an order dated March 6, 2018, that Wright's ineffective assistance of counsel claims were without merit.[5]

---

[2] 2014 WL 4088685 (Del. Super. Aug. 19, 2014).  As reflected in the court's decision, the evidence presented in the state's case-in-chief included video surveillance of the area, still shots from the surveillance video, and the trial testimony from a non-party eyewitness, from Wright's former co-defendants, and from the chief investigating officer.

[3] *Id.*

[4] *Wright v. State*, 2016 WL 4702061 (Del. Sept. 7, 2016).

[5] *Supra* note 1.

2

(5)    In this appeal from the Superior Court's March 6 order, Wright contends that the order is lacking because it gives only a cursory review of his ineffective counsel claims rather than a full analysis of the legal issues upon which the claims are based.  Wright also finds fault in the order because it does not address a claim that he raised in the postconviction proceedings, that the State failed to disclose exculpatory evidence.

(6)    To the extent Wright challenges the Superior Court's analysis of his ineffective assistance of counsel claims, the appeal is without merit.  When analyzing ineffective assistance of counsel claims, courts apply the two-prong test established by the United States Supreme Court in *Strickland v. Washington*.[6]  Under *Strickland*, to establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense.[7]  In this case, the Superior Court considered Wright's ineffective counsel claims under the *Strickland* standard and properly determined that the claims were without merit because Wright did not establish, and the record did not reflect, any deficiencies in his counsel's representation or prejudice from the alleged deficiencies.

---

[6] 466 U.S. 668 (1984).
[7] *Id.* at 687.

(7)     To resolve any concern about Wright's exculpatory evidence claim, which was not explicitly addressed in the Superior Court's order, we have considered the claim on appeal and concluded that it is procedurally barred and substantively without merit.  The claim is procedurally barred because Wright did not—and cannot—establish cause for failing to raise the claim earlier or prejudice from a violation of his rights.[8]  The claim is without merit because Wright did not demonstrate that the purported exculpatory evidence—consisting of the contents of a prior plea offer that was rejected by Huff—was favorable to Wright's defense.[9]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[8] Del. Super. Ct. Crim. R. 61(i)(3).
[9] *Starling v. State*, 130 A.3d 316, 333 (Del. 2015).

4